T.C. Summary Opinion 2009-14

UNITED STATES TAX COURT

ANTHONY D. AND MISTY L. HOUGH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13031-07S.          Filed January 28, 2009.

Anthony D. and Misty L. Hough, pro sese.

<u>Farhad Asghar</u> and <u>Daniel W. Layton</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  Pursuant to section

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2005, the taxable year in
issue, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $7,918 income tax deficiency and a $1,584 accuracy-related penalty under section 6662(a) for petitioners' 2005 tax year. The income tax deficiency was based upon a $28,370 adjustment for unreported income and self-employment tax on that amount. Petitioners have conceded the $28,370 adjustment. The issues remaining for our consideration are whether petitioner husband was an employee or self-employed for 2005 and whether petitioners are liable for the accuracy-related penalty.[2]

## Background

Petitioners resided in California at the time their petition was filed. Mr. Hough earned his living as a plumber. During 2001 he went to work for Jesse Waddell, who ran a plumbing business named Arrowhead Plumbing (Arrowhead). Mr. Waddell would obtain plumbing jobs (typically new construction), and he would assign Mr. Hough to perform plumbing work. Arrowhead had a business office, and each workday Mr. Hough would go either to the office for an assignment or to an existing assigned jobsite. Mr. Hough was an experienced and

---

[2]The notice of deficiency contained the determination that petitioners were not entitled to the earned income credit. With petitioners' concession that the $28,370 is income, petitioners also concede the earned income credit because their income exceeds the range within which that credit applies. See sec. 32(a)(1).

skilled plumber and did not need much supervision.  On larger jobs, Mr. Waddell (who was also a plumber) would work on the site with Mr. Hough.

Mr. Hough worked for Mr. Waddell only when Arrowhead had plumbing jobs.  Accordingly, the work was continuous for the period of time that Arrowhead obtained plumbing jobs.  During 2005 Mr. Hough worked for Arrowhead for about one-half of the year.  Mr. Waddell would pay Mr. Hough every other week using an hourly rate times the number of hours worked.

Mr. Waddell and Mr. Hough had an unusual financial arrangement.  Mr. Waddell assured Mr. Hough that he would take care of all taxes on payments made to Mr. Hough and that Mr. Hough would not have to report the payments as income.  Under the terms of the arrangement Mr. Waddell would not claim a deduction on his income tax return for payments to Mr. Hough and would pay additional income tax, so that Mr. Hough was not required to report the income.[3]  That arrangement continued from 2001 into 2005.  Accordingly, Mr. Hough did not report any income or wages received from Mr. Waddell for plumbing work from 2001 through 2005.

---

[3]We are not required to address the bona fides or tax effect of this arrangement because Mr. Waddell issued a Form 1099-MISC, Miscellaneous Income, to Mr. Hough for 2005, the year in question.

In 2005 while Mr. Hough was working for Arrowhead, Mr. Waddell was advised by his accountant and tax preparer to have Mr. Hough fill out a Form W-4, Employee's Withholding Allowance Certificate, which is used by employees to declare the number of tax exemptions for purposes of withholding income tax. Mr. Hough did complete a Form W-4 for 2005 although it was understood that they were continuing the same arrangement as in prior years, where no taxes were withheld from payments made to Mr. Hough and Mr. Waddell would report the income and claim no deductions for the amounts paid to Mr. Hough.

On April 14, 2006, after he had already filed his tax return, Mr. Hough received a Form 1099-MISC, Miscellaneous Income, from Arrowhead reflecting $28,370 of nonemployee income for 2005. Mr. Waddell changed his mind just before the due date of Mr. Hough's 2005 return because he was experiencing financial difficulties and was not in a position to bear the additional tax burden by not claiming amounts paid to Mr. Hough as a deduction. Mr. Hough continued to believe that Mr. Waddell had taken care of the taxes, and he did not report the $28,370 on his 2005 income tax return or amend the return he had filed. However, for 2005 Mr. Waddell claimed the $28,370 paid to Mr. Hough as a deduction for labor in connection with his plumbing business.

Respondent sent petitioners a notice of deficiency determining that the $28,370 was Mr. Hough's income and that self-employment tax was due on that amount. Petitioners have conceded that the $28,370 was income, but contend that Mr. Hough was an employee of Mr. Waddell and is therefore not liable for self-employment tax. Further, petitioners contend that they are not responsible for an accuracy-related penalty under section 6662(a).

## Discussion[4]

Mr. Hough worked for Mr. Waddell on plumbing jobs. He believed that he was Mr. Waddell's employee and that Mr. Waddell took care of all taxes arising from their employer-employee relationship. Respondent determined, for 2005, that Mr. Hough was an independent contractor liable for self-employment tax and not Mr. Waddell's employee.

Self-employment income has been explained, as follows:

> Section 1401 imposes a tax on self-employment income attributable to a taxpayer from any trade or business carried on by the taxpayer. Secs. 1401(a), 1402(a) and (b); sec. 1.1401-1(a), Income Tax Regs. The term "trade or business" has the same meaning under section 1402(a), defining "net earnings from self-employment", as under section 162. Sec. 1402(c); Bot v. Commissioner, 118 T.C. 138, 146 (2002), affd. 353 F.3d 595 (8th Cir. 2003). "Trade or business" under section 162 has been interpreted to mean an activity conducted "with continuity and regularity" and with the primary purpose of making income or a profit. Commissioner v. Groetzinger, 480 U.S. 23, 35

---

[4]There is no question in this case about who has the burden of proof or whether the burden shifted under sec. 7491(a).

(1987); <u>Bot v. Commissioner</u>, <u>supra</u>.  The carrying on
of a trade or business for purposes of self-employment
tax generally does not include the performance of
services as an employee.  Sec. 1402(c)(2); <u>Robinson v.
Commissioner</u>, 117 T.C. 308, 320 (2001).

<u>Anderson v. Commissioner</u>, 123 T.C. 219, 223 (2004), affd.
137 Fed. Appx. 373 (1st Cir. 2005).

The question of whether an individual is an employee or
self-employed is factual.  <u>Nationwide Mut. Ins. Co. v. Darden</u>,
503 U.S. 318, 323 (1992).  Factors that have been considered by
courts in making this determination are:  (1) The skills
required; (2) the source of instrumentalities and tools;
(3) the location of the work; (4) the duration of the
relationship; (5) whether the business has the right to assign
additional projects to workers; (6) the extent of the worker's
discretion over when and how long to work; (7) the method of
payment; (8) the worker's role in hiring/paying assistants;
(9) whether the work is part of the regular work of the
business; (10) the providing of worker benefits; and (11) the
tax treatment of the worker.  <u>Id.</u> at 323-324.  No one factor is
dispositive and the various aspects of the relationship are
weighed and balanced to reach a result.  <u>NLRB v. United Ins. Co.
of Am.</u>, 390 U.S. 254, 258 (1968).

Mr. Hough possessed the skills to perform his job with
minimal supervision, and he provided his own tools.  The
supplies to complete the job were provided by Mr. Waddell, and

he also decided the location and the type of plumbing work to be done by Mr. Hough.  The job assignments continued for extended periods, and Mr. Hough exclusively worked for Mr. Waddell regularly over a period of 5 years.  Mr. Waddell generally directed Mr. Hough's daily activities, deciding where he was to work and the type of plumbing to be done.  The work Mr. Hough performed was a regular part of Arrowhead's business, and Mr. Hough was paid an hourly wage biweekly.  Mr. Hough did not receive any employee benefits, but he was not provided a single Form W-2, Wage and Tax Statement, or Form 1099-MISC for the first 4 years that he worked for Mr. Waddell.  It was only on the last day for filing a 2005 tax return that Mr. Waddell sent Mr. Hough a Form 1099.  When Mr. Hough began working for Mr. Waddell during 2005, Mr. Waddell asked him to fill out a Form W-4, which is intended for employees to advise their employers of the number of dependency exemptions being claimed for purposes of the withholding of income tax.

Considering all of these factors, we find and hold that Mr. Hough was Mr. Waddell's employee and not liable for self-employment tax for 2005.

Respondent also determined an accuracy-related penalty with respect to petitioners' 2005 underpayment of tax.  Section 6662(a) and (b)(1) and (2) provides for a 20-percent penalty on the underpayment of tax due to negligence, disregard of rules

and regulations, or a substantial understatement of income tax. A substantial understatement exists if the understatement of income tax exceeds 10 percent of the tax required to be shown or $5,000.  Sec. 6662(d)(1)(A).  Petitioners' concession of the $28,370 of unreported income makes it clear that there was a substantial understatement of income tax.

Therefore the accuracy-related penalty would apply unless petitioners demonstrate that the underpayment was due to reasonable cause and that they acted in good faith.  Neonatology Associates, P.A. v. Commissioner, 299 F.3d 221 (3d Cir. 2002), affg. 115 T.C. 43 (2000).  Petitioners had filed their 2005 return before Mr. Waddell sent them a Form 1099-MISC reflecting $28,370 of income.  They were therefore on notice that the circumstances had changed from prior years, but they did nothing to address this change.  For example, they did not make an inquiry about the Form 1099-MISC or attempt to file an amended return for 2005.

In these circumstances petitioners did not have reasonable cause, and they did not act in good faith.  Accordingly, respondent's determination of an accuracy-related penalty is sustained.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.